JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Deitra Williams

### DEFENDANTS
Agape Ministries/Agape Baptist Church & United States of America

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Spear, Greenfield, Richamn, Weitz & Taggart
1801 Market Street, Suite 700
Philadelphia, PA 19103
215-985-2424

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury (x) / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391

Brief description of cause:
Premises Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 12/5/2025

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEITRA WILLIAMS** | : | **COMPLAINT IN CIVIL ACTION** |
| 1404 E. Mt Pleasant Avenue | : | |
| Philadelphia, PA 19150 | : | **NO. 25-6859** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **AGAPE MINISTRIES/AGAPE BAPTIST** | : | |
| **CHURCH** | : | **JURY DEMAND** |
| 1609-1615 Wadsworth Avenue | : | |
| Philadelphia, PA 19150 | : | |
| & | : | |
| **UNITED STATES OF AMERICA** | : | |
| c/o United States Attorney General | : | |
| 10th Street NW & Constitution Avenue | : | |
| Washington, DC 20530 | : | |
| Defendants. | : | |

## JURISDICTION AND VENUE

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1346(b)(1), which grants the District Court exclusive jurisdiction over civil actions against the United States seeking money damages for personal injuries caused by the negligent acts or omissions of any employee of the Government while acting within the scope of their office or employment.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because all of the alleged acts or occurrences leading to plaintiff's injuries occurred within the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

## PARTIES

3. Plaintiff, Deitra Williams, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

1

4.     Defendant, Agape Ministries/Agape Baptist Church, is a business entity doing business in the Commonwealth of Pennsylvania with an address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises located at or near 1613 Wadsworth Avenue, Philadelphia, PA (hereinafter referred to as "premises").

5.     At all times material hereto defendant, Agape Ministries/Agape Baptist Church, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

6.     Defendant, United States of America, with a registered business address listed in the caption of this Complaint, operates the United States Postal Service, which is a federal agency of the executive branch of the United States Government, doing business in the Commonwealth of Pennsylvania, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises.

7.     At all times material hereto defendant, United States of America, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

## FACTS

8.     On or about February 14, 2024, plaintiff was an invitee, licensee and/or otherwise legally on defendant's premises, when, as a result of the negligence and/or carelessness of the defendants, the plaintiff slipped and fell while walking to day care center due to icy conditions of the sidewalk. (Please see attached photo as exhibit "A")

9. As a result of this accident, plaintiff has suffered severe and permanent bodily injuries which are more fully set forth below.

## COUNT I
### Deitra Williams v. Agape Ministries/Agape Baptist Church
### Personal Injury

10. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

11. The negligence and/or carelessness of defendant consisted of the following:

   a. Failure to properly design, construct, maintain, and/or control the premises, sidewalks, pavements, pathways and/or walkways over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

   b. Failure to properly monitor, test, inspect or control the premises, sidewalks, pavements, pathways and/or walkways to see if there were dangerous or defective conditions to those legally on the premises;

   c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises sidewalks, pavements, pathways and/or walkways, to such invitees, licensees and/or others legally on the premises;

   d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises sidewalks, pavements, pathways and/or walkways;

   e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the

       conditions on the premises, sidewalks, pavements, pathways and/or walkways;

    f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

    g. Failing to exercise the proper care, custody and control over the aforesaid premises;

    h. Failure to inspect, maintain and/or repair known and/or unknown defects;

    i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

    j. Failing to keep the premises safe knowing said failure created an unreasonable risk of harm to people;

    k. Failure to exercise even slight care to keep the premises safe;

    l. Failure to exercise even slight care to adequately warn people of the dangerous condition of the premises;

    m. Exhibiting an indifference to the condition and safety of the premises;

    n. Knowing or having reason to know that the condition of the premises created an unreasonable risk of harm to people;

    o. Knowing or having reason to know that the condition of the premises could and/or would likely cause serious harm or death to a person; and,

    p. Disregarding a known dangerous condition despite knowing that said condition could and/or would likely cause a person serious harm or death.

12. As a direct result of the negligent and/or careless conduct of defendant, the

4

plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: left wrist, and any other ills, injuries, all to plaintiff's great loss and detriment.

13. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

14. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

15. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

16. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount not in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

## COUNT II
### Deitra Williams v. United States of America
### Personal Injury

17. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

5

18. The negligence and/or carelessness of defendant consisted of the following:

    a. Failure to properly design, construct, maintain, and/or control the premises, sidewalks, pavements, pathways and/or walkways over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

    b. Failure to properly monitor, test, inspect or control the premises, sidewalks, pavements, pathways and/or walkways to see if there were dangerous or defective conditions to those legally on the premises;

    c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises sidewalks, pavements, pathways and/or walkways, to such invitees, licensees and/or others legally on the premises;

    d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises sidewalks, pavements, pathways and/or walkways;

    e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, sidewalks, pavements, pathways and/or walkways;

    f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

    g. Failing to exercise the proper care, custody and control over the aforesaid

       premises;

  h.  Failure to inspect, maintain and/or repair known and/or unknown defects;

  i.  Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

  j.  Failing to keep the premises safe knowing said failure created an unreasonable risk of harm to people;

  k.  Failure to exercise even slight care to keep the premises safe;

  l.  Failure to exercise even slight care to adequately warn people of the dangerous condition of the premises;

  m.  Exhibiting an indifference to the condition and safety of the premises;

  n.  Knowing or having reason to know that the condition of the premises created an unreasonable risk of harm to people;

  o.  Knowing or having reason to know that the condition of the premises could and/or would likely cause serious harm or death to a person; and,

  p.  Disregarding a known dangerous condition despite knowing that said condition could and/or would likely cause a person serious harm or death.

19.    As a direct result of the negligent and/or careless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: left wrist, and any other ills, injuries, all to plaintiff's great loss and detriment.

20.    As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish,

sickness and agony and will continue to suffer for an indefinite time.

21. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

22. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

23. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount not in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

                              **SPEAR, GREENFIELD,**
                              **RICHMAN, WEITZ & TAGGART, P.C.**

                              **BY:**   **MARC F. GREENFIELD, ESQUIRE**
                                        Ten Penn Center, Suite 700
                                        1801 Market Street
                                        Philadelphia, PA 19103
                                        (215) 985-2424
                                        Attorney for Plaintiff
                                        ID NO.: 62081

tmk



EXHIBIT "A"